UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| *In re Ex Parte* Application of Create S.D Co. LTD,<br><br>Applicant. | CASE NO. 2:25-mc-00026-JNW<br><br>ORDER GRANTING APPLICATION TO SERVE DISCOVERY UNDER 28 U.S.C. § 1782 |

Create S.D. Co., Ltd. ("Create SD") filed an ex parte application for leave to serve Amazon Technologies, Inc. and Amazon Web Services, Inc. (collectively, Amazon) with subpoenas for use in a Japanese lawsuit, as permitted by 28 U.S.C. § 1782. Dkt. No. 1. Having carefully considered the motion and applicable law, the Court grants the application, without prejudice to Amazon's right to object or move to quash, for the reasons below.

At the outset, the Court notes that "[a]pplications for discovery pursuant to § 1782 are frequently issued ex parte, and the Federal Rules of Civil Procedure only govern the consequent discovery after the application is granted." *In re Caterpillar Credito*, No. 22-cv-1549-JLR, 2022 WL  2022 WL 16744212, at *5, n.8 (W.D. Wash. Nov. 6, 2022). Accordingly, the Court finds it appropriate to consider the motion ex parte.

ORDER - 1

Turning to the relevant statute, 28 U.S.C. § 1782 requires applicants seeking discovery for use in a foreign proceeding to demonstrate: "(1) the request is made 'by a foreign or international tribunal' or 'any interested person'; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made." *In re Nichiei Intec Co.*, No. 2:23-mc-00066-JHC, 2023 WL 7001666, at *1 (W.D. Wash. Oct. 24, 2023) (quoting 28 U.S.C. § 1782). 28 U.S.C. § 1782 is satisfied because Create SD is a litigant in an ongoing Japanese proceeding and because Amazon "resides or is found" in the Western District of Washington. *See In re Sailed Tech. (Beijing) Co., Ltd.*, 2:22-cv-01396-JHC, 2023 WL 3568151, at *4 (W.D. Wash. May 18, 2023) (citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004) (finding a litigant is an "interested person" under 28 U.S.C. § 1782)).

In deciding whether to permit discovery under the statute, courts may also consider the discretionary *Intel* factors. *See Intel Corp.,* 542 U.S. at 264–265. The first factor considers whether the application seeks discovery from a participant in the foreign proceeding. *Id.* at 264. Because Amazon is not a litigant in the ongoing foreign proceeding, this factor favors permitting discovery. *See* Dkt. No. 2 at 3.

Under the second factor, courts consider the "receptivity of the foreign tribunal." *Intel Corp.*, 542 U.S. at 264. Unless there is some evidence that the foreign tribunal would reject the discovery sought, the court may conclude that this factor favors permitting discovery. *See id.* Here, Create SD's attorney has submitted

ORDER - 2

a declaration stating that Japanese courts would be receptive to the discovery that Create SD seeks. Dkt. No. 2 at 3.

As for the third factor, it considers whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or policies." *Intel Corp.*, 542 U.S. at 264. Create SD's attorney also attests that the discovery sought does not circumvent foreign policies or restrictions on evidence gathering. Dkt. No. 2 at 3.

Finally, the fourth factor considers whether the discovery sought is "unduly intrusive or burdensome." *Intel Corp.*, 542 U.S. at 265. On preliminary review, the Court cannot say that the discovery sought is unduly intrusive or burdensome. *See* Dkt. No. 1-1 (proposed discovery). Considering these discretionary factors, the Court finds that they weigh in favor of permitting discovery.

Accordingly, the Court APPROVES Create SD's application to serve discovery on Amazon. Dkt. No. 1.

Dated this 17th day of June, 2025.

Jamal N. Whitehead
United States District Judge

ORDER - 3